UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| TONYA UDOH and EMEM UDOH, individually, and on behalf of their minor children, K.K.W., and K.C.W., | Case No. 16-CV-3119 (PJS/SER) |
| Plaintiffs, | |
| v. | ORDER |
| MINNESOTA DEPARTMENT OF HUMAN SERVICES; CHARLES E. JOHNSON; DONOTHAN BARTLEY; ANN NORTON; DANIEL E. JOHNSON; CATRINA BLAIR; CITY OF MAPLE GROVE; CITY OF MAPLE GROVE POLICE DEPARTMENT; MELISSA PARKER; CITY OF PLYMOUTH; CITY OF PLYMOUTH POLICE DEPARTMENT; MOLLY LYNCH, KELVIN PREGLER; INDEPENDENT SCHOOL DISTRICT NO. 279; JOANNE WALLEN; KAREN WEGERSON; ANN MOCK; CORNERHOUSE; PATRICIA HARMON; BILL KONCAR; GRACE W. RAY; and LINDA THOMPSON, | |
| Defendants. | |

---

Tonya and Emem Udoh, pro se.

Frederick J. Argir, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Minnesota Department of Human Services and Charles E. Johnson.

Christiana M. Martenson and Daniel D. Kaczor, HENNEPIN COUNTY ATTORNEY'S OFFICE, for defendants Donothan Bartley, Ann Norton, Daniel E. Engstrom,[1] Catrina Blair, and Linda Thompson.

Nathan C. Midolo and Paul D. Reuvers, IVERSON REUVERS CONDON, for defendants City of Maple Grove, City of Maple Grove Police Department, Melissa Parker, City of Plymouth, City of Plymouth Police Department, Molly Lynch, and Kelvin Pregler.

John P. Edison and Michael J. Waldspurger, RUPP, ANDERSON, SQUIRES & WALDSPURGER, P.A., for defendants Independent School District No. 279, Joanne Wallen, Karen Wegerson, and Ann Mock.

John R. Marti and Lauren O. Roso, DORSEY & WHITNEY LLP, for defendants CornerHouse, Patricia Harmon, Bill Koncar, and Grace Ray.

This matter is before the Court on plaintiffs Emem and Tonya Udoh's objection to the May 5, 2017 Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau. Judge Rau recommends denying the Udohs' first motion to strike as moot[2] and denying their second motion to strike on the merits. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Based on that review, the Court overrules the Udohs' objection and adopts Judge Rau's R&R.

---

[1]The caption incorrectly lists Engstrom's last name as "Johnson."

[2]In their objection, the Udohs claim that their motions are not moot "because this issue remains unresolved." ECF No. 128 at 4. The Udohs are confused. The R&R recommends denying only the Udohs' *first* motion to strike as moot because the Udohs filed the exact same motion just days later. *See* ECF No. 117 at 2 n.1. The R&R recommends denying the *second* motion to strike on the merits. Because the two motions are identical, *compare* ECF Nos. 30-31, *with* ECF Nos. 36-37, the R&R necessarily addresses every "issue" raised by the motions.

A few matters merit comment:

*First*, the Udohs argue that it was "objectively unreasonable" for Judge Rau to issue his R&R before giving them another chance to argue those motions at the June 6, 2017 motion hearing. ECF No. 128 at 3. The Court disagrees. For one thing, neither district judges nor magistrate judges are required to hear oral argument on civil motions. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); *Skarzynski v. CIA*, 637 F. App'x 220, 221 (7th Cir. 2016) (" District courts may, at their discretion, rule on motions without an oral hearing . . . ."). What is more, the June hearing had nothing to do with the May R&R. The May R&R recommended denial of two motions to strike that the Udohs briefed in January and argued in March. *See* ECF Nos. 30-31, 36-37, 39, 89, 117. Judge Rau scheduled the June hearing to address nine unrelated motions—two motions for judgment on the pleadings, two motions to dismiss, and five motions to amend the complaint. *See* ECF Nos. 56, 65, 73, 90, 99, 101, 102, 118, 131, and 139. There was nothing unreasonable about Judge Rau's issuance of the May R&R recommending denial of the Udohs' motions to strike prior to the June hearing.

*Second*, the Udohs argue that defendants' *Rooker-Feldman* defense is barred by the fact that "Plaintiffs or Defendants were not [the] 'same parties' to Mr. Udoh['s] criminal judgment." ECF No. 128 at 6. To be sure, "[t]he *Rooker-Feldman* doctrine does not bar

actions by nonparties to the earlier state-court judgment." *Lance v. Dennis*, 546 U.S. 459, 466 (2006). But Emem *was* a party "to the earlier state-court judgment." *Id.* He was the losing defendant in that prosecution. And if *Rooker-Feldman* means anything, it means that "state-court losers" cannot ask federal courts to invalidate state-court judgments that were entered against them "before the [federal] court proceedings commenced." *Shelby Cty. Health Care Corp. v. S. Farm Bureau Cas. Ins.*, 855 F.3d 836, 840-41 (8th Cir. 2017) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The fact that the Udohs' current lawsuit may involve additional parties does not bar defendants from asserting a *Rooker-Feldman* defense.

*Third*, the Udohs point out that the *Rooker-Feldman* doctrine only prevents federal courts from overturning state-court judgments; it does not prevent federal courts from considering constitutional challenges to state statutes. *See* ECF No. 128 at 2-3 (citing *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)). That is true as a general matter. But the facts in *Skinner* were different from the facts here. In *Skinner*, the plaintiff's constitutional challenge to Texas's "postconviction DNA statute" did not "necessarily" implicate the validity of his underlying conviction. *Skinner*, 562 U.S. at 530, 534. Here, by contrast, the Udohs have asked the Court to expunge their Minnesota Department of Human Services maltreatment records. ECF No. 1 ¶¶ 211, 230. It is unclear whether these records include Emem's state-court convictions. It is also unclear whether the

Court may expunge those records without first determining that Emem's state-court convictions were invalid. Until these legal and factual issues are more fully developed, it would be premature to strike defendants' *Rooker-Feldman* defense.

This is not to say that defendants' *Rooker-Feldman* defense will ultimately prevail. That is a question for another day. But striking a defense under Rule 12(f) before the defendant has had a chance to fully present that defense "is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). At this point, defendants' *Rooker-Feldman* defense is not clearly "foreclosed by prior controlling decisions or statutes" on point. *EEOC v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) (citation omitted). Rather, it "fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (citation omitted).

*Fourth*, the Udohs repeat their argument that Exhibits 1, 2, and 3 should be stricken because they are redundant, immaterial, impertinent, and scandalous. The Court disagrees. These exhibits simply document the results of Emem's appeals of his state-court convictions. Exhibit 1 is an opinion by the Minnesota Court of Appeals partially affirming Emem's convictions. Exhibit 2 is an order from the Minnesota Supreme Court denying Emem's petition for further review. And Exhibit 3 is a letter

from the United States Supreme Court confirming that the Court had denied Emem's petition for a writ of certiorari. *See* ECF No. 22-1.

These exhibits are not redundant because they are referenced only once in the answer. *See* ECF No. 22 ¶ 112. In general, allegations are redundant only when they "constitute a needless repetition of other averments in the pleading." *Brodkorb v. Minnesota*, No. 12-CV-1958 (SRN/AJB), 2013 WL 588231, at *16 (D. Minn. Feb. 13, 2013) (citation omitted). The exhibits here are not repetitive in that way.

These exhibits are both material and pertinent because they respond to specific allegations in the Udohs' complaint. *Cf. Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (concluding that the district court abused its discretion when it struck information that "provide[d] important context and background" to the suit, even when this information was not "strictly relevant" to every portion of the suit). In particular, the Udohs' complaint alleges that "Emem was wrongfully found guilty on August 2014 and [is] appealing this wrongful conviction," ECF No. 1 ¶ 112, while the answer denies that Emem was wrongfully convicted and refers to these exhibits, ECF No. 22 ¶ 112.

And finally, these exhibits are not scandalous because they are not "unnecessarily" derogatory or prejudicial. *McLafferty v. Safeco Ins. Co. of Ind.*, No. 14-CV-0564 (DSD/SER), 2014 WL 2009086, at *3 (D. Minn. May 16, 2014). They do not contain any ad hominem attacks. They simply document the results of Emem's appeals

of his state-court convictions, convictions that Emem himself referenced in his complaint.

Because these exhibits are neither redundant, immaterial, impertinent, or scandalous, the Court declines to strike them under Rule 12(f).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiffs' objection [ECF No. 128] and ADOPTS Judge Rau's May 5, 2017 R&R [ECF No. 117].  IT IS HEREBY ORDERED that plaintiffs' motions to strike [ECF Nos. 30 and 36] are DENIED.

Dated:  June 21, 2017                              s/Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge