| | |
|---|---|
| TONYA UDOH and EMEM UDOH, individually, and on behalf of their minor children, K.K.W., and K.C.W., | Case No. 16-CV-3119 (PJS/SER) |
| Plaintiffs, | |
| v. | ORDER |
| MINNESOTA DEPARTMENT OF HUMAN SERVICES; CHARLES E. JOHNSON; DONOTHAN BARTLEY; ANN NORTON; DANIEL E. JOHNSON; CATRINA BLAIR; CITY OF MAPLE GROVE; CITY OF MAPLE GROVE POLICE DEPARTMENT; MELISSA PARKER; CITY OF PLYMOUTH; CITY OF PLYMOUTH POLICE DEPARTMENT; MOLLY LYNCH, KELVIN PREGLER; INDEPENDENT SCHOOL DISTRICT NO. 279; JOANNE WALLEN; KAREN WEGERSON; ANN MOCK; CORNERHOUSE; PATRICIA HARMON; BILL KONCAR; GRACE W. RAY; and LINDA THOMPSON, | |
| Defendants. | |

Tonya and Emem Udoh, pro se.

Frederick J. Argir, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Minnesota Department of Human Services and Charles E. Johnson.

Christiana M. Martenson and Daniel D. Kaczor, HENNEPIN COUNTY ATTORNEY'S OFFICE, for defendants Donothan Bartley, Ann Norton, Daniel E. Engstrom,[1] Catrina Blair, and Linda Thompson.

Nathan C. Midolo and Paul D. Reuvers, IVERSON REUVERS CONDON, for defendants City of Maple Grove, City of Maple Grove Police Department, Melissa Parker, City of Plymouth, City of Plymouth Police Department, Molly Lynch, and Kelvin Pregler.

John P. Edison and Michael J. Waldspurger, RUPP, ANDERSON, SQUIRES & WALDSPURGER, P.A., for defendants Independent School District No. 279, Joanne Wallen, Karen Wegerson, and Ann Mock.

John R. Marti and Lauren O. Roso, DORSEY & WHITNEY LLP, for defendants CornerHouse, Patricia Harmon, Bill Koncar, and Grace Ray.

This matter is before the Court on two matters:

*First*, plaintiffs Emem and Tonya Udoh move for permission to file an objection to Magistrate Judge Steven E. Rau's Report & Recommendation (R&R) of July 26, 2017,[2] that exceeds the word limit imposed by the local rules. Local Rule 72.2(c)(1) limits objections to 3,500 words. The Udohs ask for permission to file separate objections against each defendant or a combined objection against all the defendants that will not exceed 17,500 words. ECF No. 144 at 2.

This request is denied. The Udohs have already filed hundreds of pages of pleadings, motions, briefs, and the like, and the Court can review every one of those

_____

[1] The caption incorrectly lists Engstrom's last name as "Johnson."

[2] This R&R is dated July 25, 2017, but it was entered on July 26, 2017.

pages, including every page of the briefs filed with Judge Rau. An objection to an R&R is not supposed to be a vehicle for "relitigat[ing] the entire content of the hearing before the magistrate judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Smith v. Padula*, 444 F. Supp. 2d 531, 535 (D.S.C. 2006) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Instead, the objection is supposed to concisely point out the mistakes made by the magistrate judge in the R&R. The Udohs can do that within the word limits prescribed by Local Rule 72.2(c)(1).

*Second*, the Udohs appear to move (in the form of a "Proposed Order") for an extension of the filing deadline. *See* ECF No. 145. Typically, a party has 14 days to object to an R&R "after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). The Udohs received a copy of the R&R by mail on July 31, 2017. *See* ECF No. 144 at 1. They request an extension of the filing deadline to September 15, 2017. The Court will grant this request in part and deny it in part. The Udohs may have an extension to file their objection, but only until August 28, 2017, four weeks after they received a copy of the R&R in the mail. Again, the task for the Udohs is not to rebrief all of the issues addressed by Judge Rau, but instead merely to identify what they believe to be his errors and to concisely describe why they believe he was

mistaken.  The Udohs may incorporate their previously filed briefs by reference to whatever extent they wish.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1.     Plaintiffs' request for permission to exceed the word limit [ECF No. 144] when they file an objection to Judge Rau's R&R is DENIED.

2.     Plaintiffs' request for an extension of the filing deadline to object to the R&R [ECF No. 145] is GRANTED IN PART and DENIED IN PART. Plaintiffs may have until August 28, 2017, to file any objection to the R&R.


Dated:  August 4, 2017                    s/Patrick J. Schiltz
                                          Patrick J. Schiltz
                                          United States District Judge