# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TONYA UDOH and EMEM UDOH, individually, and on behalf of their minor children, K.K.W. and K.C.W., | Case No. 16-CV-3119 (PJS/SER) |
| Plaintiffs, | |
| v. | |
| | ORDER |
| MINNESOTA DEPARTMENT OF HUMAN SERVICES; CHARLES E. JOHNSON; DONOTHAN BARTLEY; ANN NORTON; DANIEL E. JOHNSON; CATRINA BLAIR; CITY OF MAPLE GROVE; CITY OF MAPLE GROVE POLICE DEPARTMENT; MELISSA PARKER; CITY OF PLYMOUTH; CITY OF PLYMOUTH POLICE DEPARTMENT; MOLLY LYNCH, KELVIN PREGLER; INDEPENDENT SCHOOL DISTRICT NO. 279; JOANNE WALLEN; KAREN WEGERSON; ANN MOCK; CORNERHOUSE; PATRICIA HARMON; BILL KONCAR; GRACE W. RAY; and LINDA THOMPSON, | |
| Defendants. | |

Tonya and Emem Udoh, pro se.

Frederick J. Argir, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Minnesota Department of Human Services and Charles E. Johnson.

Christiana M. Martenson and Daniel D. Kaczor, HENNEPIN COUNTY ATTORNEY'S OFFICE, for defendants Donothan Bartley, Ann Norton, Daniel E. Engstrom,[1] Catrina Blair, and Linda Thompson.

Nathan C. Midolo and Paul D. Reuvers, IVERSON REUVERS CONDON, for defendants City of Maple Grove, City of Maple Grove Police Department, Melissa Parker, City of Plymouth, City of Plymouth Police Department, Molly Lynch, and Kelvin Pregler.

John P. Edison and Michael J. Waldspurger, RUPP, ANDERSON, SQUIRES & WALDSPURGER, P.A., for defendants Independent School District No. 279, Joanne Wallen, Karen Wegerson, and Ann Mock.

John R. Marti and Lauren O. Roso, DORSEY & WHITNEY LLP, for defendants CornerHouse, Patricia Harmon, Bill Koncar, and Grace Ray.

Plaintiff Emem Udoh was convicted by a jury of sexually abusing his stepdaughters, K.K.W. and K.C.W. His conviction was upheld by the Minnesota Court of Appeals, and the Minnesota Supreme Court denied further review. *State v. Udoh*, No. A14-2181, 2016 WL 687328 (Minn. Ct. App. Feb. 22, 2016), *review denied* (Minn. Apr. 27, 2016). Udoh and his wife, plaintiff Tonya Udoh (the biological mother of K.K.W. and K.C.W.), then brought this lawsuit against just about every teacher, principal, social worker, police officer, forensic interviewer, and physician who was involved in investigating the sexual-abuse allegations against Udoh.

---

[1]The caption incorrectly lists Engstrom's last name as "Johnson."

This matter is before the Court on the Udohs' objection to Magistrate Judge Steven E. Rau's July 26, 2017 Report and Recommendation ("R&R").[2] Judge Rau recommends granting the defendants' motions to dismiss and for judgment on the pleadings and denying the Udohs' motions to amend their complaint. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Based on that review, the Court overrules the Udohs' objection and adopts Judge Rau's R&R, except as modified below.[3]

The Udohs' objection largely consists of unexplained string citations to inapposite cases. But the Court has reviewed their voluminous filings, and thus the Court is familiar with their arguments. Only a few matters merit comment:

*First*, because the Udohs are not attorneys, they "may not litigate the claims of their minor children in federal court." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) (citation omitted); *see also Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (collecting cases). The Udohs do not cite—and the Court has not

_____

[2]The R&R was signed on July 25 but entered on July 26.

[3]The Udohs certify that their objection contains 3500 words. *See* ECF No. 155-1. But to meet the word limit, the Udohs hyphenated entire sentences that are not typically hyphenated. *See, e.g.*, ECF No. 155 at 10 (describing *Troxel v. Granville* as holding that a statute was "unconstitutional-because-it-violates-fundamental-right-of-parents-to-make [parental-consent-or-decisions] concerning-the-care-custody-and-control-of-their-children"). This attempt to circumvent the word limit "violate[s] the spirit, if not the letter, of Local Rule 72.2." *Northbrook Digital, LLC v. Vendio Servs., Inc.*, 625 F. Supp. 2d 728, 733 (D. Minn. 2008).

found—any case carving out an exception to this rule for § 1983 claims or state tort claims.  *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010).[4]  The Court therefore agrees with Judge Rau that any claims belonging to the Udohs' daughters should be dismissed.  But contrary to Judge Rau's recommendation, the Court finds that the dismissal of the children's claims should be without prejudice.  *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 62 (2d Cir. 1990) (remanding the case to allow for appointment of counsel or dismissal without prejudice).

*Second*, the Udohs claim that the defendants violated their constitutional rights by interviewing and removing their daughters without the Udohs' consent.  Parents have a "fundamental right . . . to make decisions concerning the care, custody, and control of their children."  *Troxel v. Granville*, 530 U.S. 57, 66 (2000).  But the state has a "compelling" interest in protecting children from abuse.  *Globe Newspaper Co. v. Super. Ct. for Norfolk Cty.*, 457 U.S. 596, 607 (1982).  In light of that compelling interest, the Eighth Circuit has "repeatedly held that . . . a state official [who] takes an action that would otherwise disrupt familial integrity . . . is entitled to qualified immunity if the action is properly founded upon a reasonable suspicion of child abuse."  *K.D. v. Cty. of Crow Wing*, 434 F.3d 1051, 1056 (8th Cir. 2006).

---

[4]The few cases that have recognized a limited exception to this rule have done so in the context of appeals from administrative denials of supplemental security income benefits.  *See Adams ex rel. D.J.W.*, 659 F.3d at 1301; *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002); *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).

Here, the defendants did not act on the basis of something akin to a "'six-fold hearsay report by an anonymous informant.'" *Mammaro v. N.J. Div. of Child Prot. & Permanency*, 814 F.3d 164, 170 (3d Cir. 2016) (quoting *Croft v. Westmoreland Cty. Children & Youth Servs.*, 103 F.3d 1123, 1126 (3d Cir. 1997)). Rather, K.K.W. was initially interviewed after one of her friends told a teacher that K.K.W. had been sexually abused. Compl. ¶ 57. During that interview—and during all subsequent interviews— K.K.W. herself told various defendants that Emem had sexually abused her and her younger sister. *See, e.g.*, Compl. Ex. A. at 5. Only after being told on multiple occasions by K.K.W. that she and her sister had been sexually abused did the defendants remove the girls from their home and place them with their biological father. Compl. ¶¶ 82-83; ECF No. 59-13 at 3-4. Under these circumstances, the defendants' actions in interviewing and removing both girls are clearly protected by qualified immunity.

*Third*, the Udohs claim that Donothan Bartley, a child protection services investigator, examined the "private bodies" of their daughters for signs of sexual abuse. Compl. ¶¶ 66, 72. The Court will assume that this allegation is true, although it appears farfetched, and although it is undermined by the transcripts that are attached to the Udohs' complaint. *Nelson v. Midland Credit Mgmt., Inc.*, 828 F.3d 749, 751 (8th Cir. 2016). But if this search actually occurred, the search would implicate K.K.W.'s and K.C.W.'s Fourth Amendment right to be free from unreasonable searches, not the Udohs'

Fourteenth Amendment right to family integrity. *Compare Michael C. v. Gresbach*, 526 F.3d 1008, 1013-18 (7th Cir. 2008) (analyzing an under-the-clothes examination of a private school student under the Fourth Amendment), *with Greene v. Camreta*, 588 F.3d 1011, 1036-37 (9th Cir. 2009), *vacated in part on other grounds*, 563 U.S. 692 (2011) (holding that the Fourteenth Amendment may be violated when a mother is not just excluded from the room where her daughters are being examined but forced to leave the premises altogether). As discussed above, the Udohs are not attorneys, and thus they may not litigate their daughters' Fourth Amendment claims for them.

*Fourth*, the Udohs claim that Bartley falsely reported that K.K.W. did not feel safe in her home. The Udohs have not, however, alleged any facts that would plausibly suggest that Bartley's report was willful or malicious; to the contrary, the facts alleged in the complaint suggest that Bartley's conclusion was well grounded in what K.K.W. reported. Therefore, any claim based on this allegedly false report is barred by qualified immunity. *Doe v. Hennepin Cty.*, 858 F.2d 1325, 1329-30 (8th Cir. 1988).

*Finally*, the Court agrees with the R&R that the *Rooker-Feldman* doctrine does not appear to bar the Udohs' claims. The R&R points out that Tonya was not a party to Emem's criminal proceedings. ECF No. 143 at 22, 27-28. But there is another reason why the *Rooker-Feldman* doctrine does not apply. Unlike the doctrines of claim and issue preclusion, the *Rooker-Feldman* doctrine does not "stop a district court from

exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). This federal lawsuit does not seek to overturn Emem's criminal conviction.[5] Instead, this lawsuit challenges the manner in which the defendants went about their investigation of Emem's sexual abuse of his stepdaughters and seeks compensatory and injunctive relief for the defendants' alleged violations of federal and state law. In theory, this Court could award relief to the Udohs without in any way questioning the validity of Emem's conviction. Because this lawsuit does not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," it is not barred by the *Rooker-Feldman* doctrine. *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES the Udohs' objection [ECF No. 155] and ADOPTS Judge Rau's

---

[5]Emem filed a petition for a writ of habeas corpus to challenge his conviction. Judge Paul A. Magnuson denied the petition and declined to issue a certificate of appealability. *See Udoh v. Dooley*, No. 16-CV-4174 (PAM/HB), 2017 WL 2881126 (D. Minn. July 6, 2017). Emem is presently seeking a certificate of appealability from the Eighth Circuit.

July 26, 2017 R&R [ECF No. 143], except that any claims belonging to the Udohs'

daughters are dismissed without prejudice.  IT IS HEREBY ORDERED THAT:

1.  The Hennepin County and CornerHouse Defendants' motion to dismiss
    [ECF No. 56] is GRANTED.

2.  The School District Defendants' motion for judgment on the pleadings
    [ECF No. 65] is GRANTED.

3.  Charles E. Johnson and the Minnesota Department of Human Services'
    motion for judgment on the pleadings [ECF No. 73] is GRANTED.

4.  The City Defendants' motion to dismiss or for summary judgment [ECF
    No. 90] is GRANTED to the extent that it seeks dismissal and DENIED
    WITHOUT PREJUDICE to the extent that it seeks summary judgment.

5.  The Udohs' motions to amend their complaint [ECF Nos. 99, 101, 102, 118]
    are DENIED AS MOOT.

6.  The Udohs' motion to amend their complaint [ECF No. 131] is DENIED.

7.  The claims against Ann Norton and Grace Ray, the state-law claims, and
    any claims belonging to the Udohs' daughters are DISMISSED WITHOUT
    PREJUDICE.  The remaining claims are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 12, 2017          s/Patrick J. Schiltz
                                    Patrick J. Schiltz
                                    United States District Judge