UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TONYA UDOH and EMEM UDOH, individually, and on behalf of their minor children, K.K.W., and K.C.W., | Case No. 16-CV-3119 (PJS/SER) |
| Plaintiffs, | |
| v. | ORDER |
| MINNESOTA DEPARTMENT OF HUMAN SERVICES; CHARLES E. JOHNSON; DONOTHAN BARTLEY; ANN NORTON; DANIEL E. JOHNSON; CATRINA BLAIR; CITY OF MAPLE GROVE; CITY OF MAPLE GROVE POLICE DEPARTMENT; MELISSA PARKER; CITY OF PLYMOUTH; CITY OF PLYMOUTH POLICE DEPARTMENT; MOLLY LYNCH, KELVIN PREGLER; INDEPENDENT SCHOOL DISTRICT, NO. 279; JOANNE WALLEN; KAREN WEGERSON; ANN MOCK; CORNERHOUSE; PATRICIA HARMON; BILL KONCAR; GRACE W. RAY; and LINDA THOMPSON, | |
| Defendants. | |

Tonya and Emem Udoh, pro se.

Frederic J. Argir, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Minnesota Department of Human Services and Charles E. Johnson.

Christiana Martenson and Daniel D. Kaczor, HENNEPIN COUNTY
ATTORNEY'S OFFICE, for defendants Donothan Bartley, Ann Norton, Daniel E.
Engstrom,[1] Catrina Blair, and Linda Thompson.

Nathan Midolo, UPTON & HATFIELD, and Paul D. Reuvers, IVERSON
REUVERS CONDON, for defendants City of Maple Grove, City of Maple Grove
Police Department, Melissa Parker, City of Plymouth, City of Plymouth Police
Department, Molly Lynch, and Kelvin Pregler.

John P. Edison and Michael J. Waldspurger, RUPP, ANDERSON, SQUIRES &
WALDSPURGER, for defendants Independent School District No. 279, Joanne
Wallen, Karen Wegerson, and Ann Mock.

John R. Marti, DORSEY & WHITNEY LLP, and and Lauren O. Roso, U.S.
ATTORNEY'S OFFICE, for defendants CornerHouse, Patricia Harmon, Bill
Koncar, and Grace Ray.

In 2014, plaintiff Emem Udoh was convicted by a jury of sexually abusing his

two stepdaughters, K.K.W. and K.C.W.  ECF No. 187 at 2.  On September 19, 2016,

Emem and his wife Tonya Udoh (collectively, the "Udohs") brought this § 1983 action

against seemingly every entity and individual who had anything to do with

investigating the sexual-abuse allegations against Emem.[2]  ECF No. 1.  This Court

dismissed the Udohs' lawsuit on September 12, 2017.  ECF No. 163.  The Eighth Circuit

---

[1] The caption incorrectly lists Engstrom's last name as "Johnson."

[2] The Udohs also brought a number of claims under statutes other than 42 U.S.C.
§ 1983 (including 42 U.S.C. § 1985 and several Minnesota statutes).  The Court uses the
term "§ 1983 action" as shorthand to refer to all of the claims asserted by the Udohs in
this action.  *See* ECF No. 1.

affirmed on August 30, 2018, and the United States Supreme Court denied certiorari on May 24, 2019.  ECF Nos. 178, 181.

In April 2018, Emem sought post-conviction relief in state court on various grounds, including two affidavits allegedly written by K.K.W. and K.C.W.  ECF No. 187 at 3.  In those affidavits, K.K.W. and K.C.W. recanted their prior testimony and swore that Emem had not sexually abused them.  *See id.* at 6.  The affidavits were filed in Hennepin County District Court, and an evidentiary hearing was held to determine whether Emem was entitled to post-conviction relief based on the victims' recantations.  *See id.* at 3–15.  On direct examination by Emem (appearing pro se), both girls testified that Emem had not sexually abused them and that they had been coerced into testifying against Emem at his 2014 trial.  *See* ECF Nos. 186-1, 186-3.  The court found that the girls' testimony was not credible, that the Udohs had orchestrated the girls' recantations,[3] and that Emem was not entitled to post-conviction relief.  ECF No. 187 at 21.

---

[3]The court's decision was based in part on a series of recorded jail calls between the Udohs.  In one call, Emem spelled the word "recantation" for Tonya.  ECF No. 187 at 15.  In others, the Udohs quoted sections of what would ultimately become the victims' affidavits back and forth to each other, editing as they went.  *Id.*  And in yet another, the Udohs discussed questions that their daughters were likely to face at the upcoming evidentiary hearing along with proposed answers.  *Id.* at 16.

Shortly thereafter, the Udohs filed a motion in this Court seeking to vacate the 2017 dismissal of their § 1983 action under Fed. R. Civ. P. 60 on the basis of the victims' purported recantations.[4]  For the reasons that follow, the Udohs' motion is denied.

The Udohs first seek relief under Rule 60(a), asking that this Court "correct errors of omission or oversight in its prior judgment."  ECF No. 185 at 16.  But the Udohs' motion is far outside the scope of Rule 60(a), which provides for the correction of "a clerical mistake or a mistake arising from oversight or omission."  The Udohs base their motion on recantations that occurred in 2018, not on a "clerical mistake" or "mistake arising from oversight or omission" made by this Court in 2017.  *See, e.g., J.C. Research, Inc. v. Speed Commerce, Inc.*, No. 14-CV-3752 (WMW/SER), 2018 WL 344975, at *1 (D. Minn. Jan. 9, 2018) (correcting mathematical error under Rule 60(a)); *Meecorp Capital Mkts., LLC v. PSC of Two Harbors, LLC*, No. 09-CV-2067 (DWF/LIB), 2012 WL 12896250, at *3 (D. Minn. Apr. 10, 2012) (granting Rule 60(a) motion to correct caption where defendants were improperly referred to as "Gandolf Holding, LLC," rather than "Gandolf Holdings, LLC.").  The relief the Udohs seek—namely, vacating the court's prior order, reopening final judgment, allowing the Udohs to amend their pleadings, and "Adjustment or Correction of Judgment from 'With Prejudice' to 'Without Prejudice'"—is not available under Rule 60(a).  ECF No. 185 at 15; *see Kocher v. Dow*

---

[4]The victims' affidavits have not been submitted to this Court, but are described at ECF No. 187 at 6.

*Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) (Rule 60(a) corrections are permitted in order to accurately reflect the decision the court actually made, not to alter the substance of the decision); *Thomas v. Bzoskie*, No. 15-CV-2197 (JRT/KMM), 2017 WL 5633094, at *4 (D. Minn. Nov. 21, 2017) (clerical mistakes under Rule 60(a) "are not grounds for relief from final judgment").

The Udohs next ask the Court to vacate its judgment on the basis of "mistake, neglect, fraud or new evidence under Rule 60(b)." ECF No. 185 at 16. Rule 60(b) provides, in relevant part, that a court may relieve a party from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud . . ., misrepresentation, or misconduct by an opposing party[.]" The Udohs' Rule 60(b) argument fails for multiple reasons.

To begin with, the motion is untimely. Under Rule 60(c), a motion for relief under subdivisions (b)(1)–(3) must be brought no later than one year after the entry of judgment by the trial court. The one-year period was not tolled, as the Udohs assert, until the date that the United States Supreme Court denied certiorari. *See Jones v. Swanson*, 512 F.3d 1045, 1048–49 (8th Cir. 2008) (one-year limitations period for Rule 60 motion began running on date initial judgment was issued); *The Tool Box, Inc. v. Ogden*

*City Corp.*, 419 F.3d 1084, 1088–89 (10th Cir. 2005) ("[T]he one-year time limit in Rule 60(b) runs from the date the judgment was 'entered' in the district court; it does not run from the date of an appellate decision reviewing that judgment."); *Fed. Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 766–67 (8th Cir. 1989) ("It is well established that the pendency of an appeal does not toll the one-year maximum period for filing motions under Rule 60(b)(1)–(3)." (collecting cases)).  This Court entered judgment on September 12, 2017, and the Udohs did not move for Rule 60(b) relief until February 5, 2020.  The Udohs' request for relief pursuant to Rule 60(b)(1), (b)(2), and (b)(3) is therefore denied as untimely.

Even if the Udohs' Rule 60(b) motion were timely, the Court would deny the motion on the merits.  The 2018 recantations of K.K.W. and K.C.W. do not demonstrate "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b)(1).  *Cf. Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001) (default due to faulty record-keeping excused under Rule 60(b)(1)); *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000) ("excusable neglect" refers to, for example, failure to comply with an ambiguous procedural rule).  Nor have the Udohs alleged fraud, misrepresentation, or misconduct *in this litigation* by an opposing party under Rule 60(b)(3).[5]

_____

[5]The Court notes that, in their recantation testimony, K.K.W. and K.C.W.

(continued...)

-6-

And finally, the Udohs are not entitled to relief based on "newly discovered evidence" under Rule 60(b)(2).  To succeed under Rule 60(b)(2), the Udohs must show

---

[5](...continued)
purported to identify defendant Molly Lynch as one of the individuals who pressured them to provide false testimony against Emem in 2013.  *See* ECF No. 186-1 at 16–17, 54–58, 70; ECF No. 186-3 at 17, 50, 73, 87.  But this is part of the alleged "fraud" for which Lynch was *sued*.  *See* ECF No. 1 at ¶ 98 (alleging that Lynch "conducted the interrogation of K.K.W. and K.C.W. in an incompetent manner with powerful and coercive influences designed to elicit false accusations").  It is not "fraud" that occurred *in connection with the litigation*, which is the "fraud" to which Rule 60(b)(3) refers.  *See Roger Edwards LLC v. Fiddes & Son, Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005) (Rule 60(b)(3) addresses "fraud or misstatements perpetrated in the course of litigation or other misconduct aimed directly at the trial process," and not "non-litigation conduct"); *see also Murphy v. Mo. Dep't of Corr.*, 506 F.3d 1111, 1117 (8th Cir. 2007) ("To prevail on a motion under Rule 60(b)(3), the movant must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case." (quotation marks and citations omitted)); *Jones v. Jefferson City Pub. Sch.*, No. 2:18-CV-4054, 2019 WL 2110578, at *2 (W.D. Mo. May 14, 2019) ("[T]he fraud Mr. Jones alleges concerns the merits of the case, not the process of the litigation.  Relief thus is not available to Jones under Rule 60(b)(3).").

Moreover, even if Lynch's alleged "fraud" occurred in connection with this litigation, the Udohs have not established the existence of that "fraud" by clear and convincing evidence, and therefore they would still not be entitled to relief.  *See Cook v. City of Bella Villa*, 582 F.3d 840, 855 (8th Cir. 2009) (to prevail on a Rule 60(b)(3) motion, a plaintiff must show fraud, misrepresentation, or misconduct by clear and convincing evidence).

To the extent that the Udohs intend to allege fraud on the part of a third-party witness under Rule 60(b)(6) rather than fraud by an opposing party under Rule 60(b)(3), their motion is denied for the same reasons.  *See Lester v. Empire Fire and Marine Ins. Co.*, 653 F.2d 353, 354 (8th Cir. 1981) ("[I]t would be unreasonable, absent special circumstances, to permit reopening of a judgment on grounds of third-party fraud when a similar motion based on fraud by a party would be barred by Rule 60(b)(3)."); *see also Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008).

that the evidence is "material," meaning that "'there is a reasonable probability that the

outcome of the proceeding would have been different if the evidence had been

disclosed.'" *Holmes v. United States*, 898 F.3d 785, 792 (8th Cir. 2018) (quoting *United*

*States v. Hernandez*, 299 F.3d 984, 990 (8th Cir. 2002)).  Here, the 2018 recantations of

K.K.W. and K.C.W. would have no impact on the outcome of the Udohs' civil lawsuit.

In dismissing this lawsuit in 2017, this Court found that the individual

defendants were entitled to qualified immunity because their actions were "'properly

founded upon a reasonable suspicion of child abuse.'"  ECF No. 163 at 4–5 (quoting

*K.D. v. Cty. of Crow Wing*, 434 F.3d 1051, 1056 (8th Cir. 2006)).[6]  The fact that K.K.W. and

K.C.W. recanted their testimony in *2018* does nothing to undermine this Court's finding

that the defendants acted reasonably in *2013* based on what they knew *at that time*.  In

2013, both K.K.W. and K.C.W. were telling the defendants that Emem *had* sexually

abused them.  Thus, even if the Udohs' Rule 60(b) motion was timely, this Court would

not disturb its prior order.

Finally, Emem has filed two motions seeking leave to proceed in forma pauperis

("IFP") "in this District Court for cost and fees; and for any subsequent appeal in the

---

[6]The Udohs' claims against the government entities were dismissed for failure to
plausibly allege that those defendants maintained a policy, custom, or procedure that
caused constitutional injury to the Udohs.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658,
694 (1978).  The victims' recantations could not, of course, affect the dismissal of these
claims.

Eighth Circuit Court of Appeals." ECF Nos. 198, 202. Emem has already paid the filing fee in this matter, and thus the Court construes this as an application to proceed IFP on appeal. Because Emem is a "prisoner" within the meaning of 28 U.S.C. § 1915(h), the appellate filing fee cannot be waived altogether. 28 U.S.C. § 1915(b); *Henderson v. Norris*, 129 F.3d 481, 483–84 (8th Cir. 1997) (per curiam). Instead, an order granting IFP status to a prisoner-appellant merely permits him to pay the filing fee for his appeal in installments, rather than paying the entire amount in advance. *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). If Emem wishes to appeal this order without prepaying the full $505 appellate filing fee, he may submit a complete IFP application, which must include a certified copy of his prison trust fund account statement for the past six months, so that this Court may determine the appropriate initial partial filing fee to be assessed. *See* 28 U.S.C. § 1915(b)(1).

In closing, the Court reminds Emem that this lawsuit pertains only to whether the defendants should pay damages to the Udohs for their actions in investigating the sexual-abuse claims in 2013. This lawsuit has nothing whatsoever to do with whether Emem's conviction and sentence were lawful, nothing whatsoever to do with the legality of his current conditions of confinement (such as his access to the prison library), and nothing whatsoever to do with his immigration status. This Court has no power to vacate Emem's conviction or sentence, or to order the Minnesota Department

of Corrections to treat Emem differently, or to order federal immigration authorities not to deport Emem.

If Emem wishes to attack the legality of his conviction or sentence, he must seek and receive the permission of the United States Court of Appeals for the Eighth Circuit to file a second or successive application for a writ of habeas corpus. 28 U.S.C. § 2244(b). (Emem has already filed two unsuccessful habeas actions.) If Emem wishes to challenge the conditions of his confinement, he must file a new action under 42 U.S.C. § 1983. And if Emem wishes to resist the government's attempt to deport him, he must do so in proceedings before an immigration judge or the Board of Immigration Appeals—or in an appeal from those proceedings to the Eighth Circuit.

In recent weeks, Emem has been continuously filing letters and other materials in this action. But virtually none of those letters or other materials have anything to do with this litigation or seek any relief that this Court can provide in this action. With the exception of a completed IFP application, the Court will not respond to any further filings from Emem in this matter.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1.      Plaintiffs Emem Udoh's and Tonya Udoh's motion to vacate order and

judgment [ECF No. 185] is DENIED.

2.      Plaintiff Emem Udoh's motions for leave to appeal in forma pauperis

[ECF Nos. 198, 202] are DENIED.

Dated:  May 13, 2020                            s/Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge